**MICHEL v. FARMERS STATE BANK OF CRAWFORD et al.**

No. 11990.

Court of Civil Appeals of Texas. Dallas.

June 5, 1936.

Bird & Bird, of Dallas, for appellant.

Weatherby, Rogers & Scott, of Waco, for appellees.

JONES, Chief Justice.

This is an appeal from a judgment of a district court of Dallas county, granting the pleas of privilege, respectively, filed by defendants, Farmers State Bank of Crawford, whose domicile is McLennan county, and W. B. Mobley, sheriff of McLennan county, whose residence is in such county, and transferring the suit to a district court of McLennan county. An appeal has been duly perfected, and the following are the necessary facts:

The Farmers State Bank of Crawford, Tex., a banking corporation, obtained judgment in a justice court of McLennan county against John Michel, for the sum of $165.21, with interest at the rate of 10 per cent. per annum from the date of the judgment. An execution was issued in favor of the bank to satisfy said judgment, and placed in the hands of W. B. Mobley, sheriff of McLennan county, to execute. In his attempted execution, the sheriff levied on a tract of 20 acres of land, located in said county, and advertised the same for sale. The record title to this land is in Mrs. Leathe Pearl Michel, and not in John Michel, the judgment debtor.

Mrs. Michel, joined pro forma by her husband, John Michel, instituted this suit in a district court of Dallas county to enjoin the said sheriff and the said bank from selling the land under the execution to satisfy the judgment against the husband, John Michel. The property was alleged to be the separate property of Mrs. Michel, and the justice court judgment was alleged to be void. To this suit, each of the appellees filed the plea of privilege in question, in the statutory form (Vernon's Ann. Civ.St. art. 2007), to change the venue of

the suit to McLennan county, the county of the residence of each. A controverting affidavit was filed and the issue of venue was duly tried by said court, with the result that a judgment was rendered, transferring the cause as to each defendant to the same district court in McLennan county.

The ground of the plea of privilege is not that the suit should be filed in a court in the county in which the judgment was obtained, but is that, under article 1995, R.S., as amended (Vernon's Ann.Civ.St. art. 1995), each defendant has the right to be sued in the county where such defendant resides, which, in each instance, is McLennan county. This is a right guaranteed by said article, unless the suit comes within one of the enumerated exceptions in said article, and it is not alleged in the controverting affidavit, nor could it be alleged under the facts of this case, that any exception existed, under which the suit could be maintained in a county other than the defendant's residence.

There was no error, therefore, in the court granting each plea of privilege, and judgment is accordingly affirmed.

Affirmed.